# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| HILDA WALDINE MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-09-53 |
| | § | |
| MELVIN D. TALASEK | § | |
| d/b/a TALASEK'S GATE GUARDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss, which is incorporated into his Answer. (Dkt. No. 6.)[1] Plaintiff has filed a Response. (Dkt. No. 8.) Having considered the motion, response, and relevant law, the Court finds that the motion should be DENIED.

## Background

Plaintiff alleges that she is a former oil field gate guard, employed by Defendant. (Dkt. No. 1, ¶ 6.) She generally worked in ten-day shifts, living in a trailer at the gate, provided by Defendant, for the entire ten days. (*Id.* ¶ 11.) She was required to stay at that site for the entire shift. (*Id.* ¶ 10.) From April 2, 2007 until January 6, 2008, Plaintiff was paid $100 per day. She worked mostly ten-day shifts in that period (usually with ten-day breaks between the end of one ten-day shift and the start of her next shift), although she did work a seven-day shift in October, 2007. Further, she received a $100 bonus for working over Thanksgiving in 2007. (*Id.* ¶ 15.) From February 5, 2008 until March 26, 2008, Plaintiff was paid $120 per day. (*Id.*) From April 5, 2008 to July 1, 2008, she

---

[1] As Plaintiff points out, Defendant's motion does not include a separate proposed order, as required by S.D. TEX. R. 7.1(C). Because the motion is denied on the merits, however, the Court will not address what effect this failure of form has on Defendant's motion.

was paid $135 per day and from July 1, 2008 until the end of her employment in November, 2008, she was paid $140 per day.[2]

Plaintiff claims that Defendant violated the Fair Labor Standards Act by failing to pay overtime and minimum wage. Plaintiff brings this case as an opt-in class action as contemplated by 29 U.S.C. § 216(b) (The action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

**Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation

---

[2] These per-day wages work out to $4.16 per hour ($100 per day), $5 per hour ($120 per day), $5.62 per hour ($135 per day), and $5.83 per hour ($140 per day). The federal minimum wage has been at least $5.85 per hour since July 24, 2007. 29 U.S.C. § 206(a)(1).

to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**Analysis**

As Plaintiff points out in her response, much of Defendant's motion to dismiss really arises from disagreements as to facts pled in Plaintiff's complaint. For instance, Defendant claims that Plaintiff was not a guard at the oil fields, but merely was in charge of signing vehicles in and out of the site. To the extent this is relevant to Plaintiff's claims for unpaid wages, however, it is an additional fact, not a legal argument as to the sufficiency of Plaintiff's claim. On summary judgment motions, the parties will be free to introduce whatever evidence they have regarding whether Plaintiff (and similarly situated employees) was a guard or a paper-pusher. For purposes of the present motion, however, the Court must simply take Plaintiff's complaint at face value and assume that Plaintiff was in fact a guard.

Defendant does have two arguments that must be addressed. First, Defendant argues that Plaintiff's attempt to sue on behalf of other employees is defective. Defendant claims that Plaintiff must specifically identify other class members and those members must file written consent with the Court. Defendant quotes 29 U.S.C. §§ 216(b) and 256(b) in support of this contention. These sections, however, merely establish, first, that a person is not a party plaintiff to an action unless they file a written consent with the Court, and second, that an action is not considered to commence

(for statute of limitations purposes) as to a particular plaintiff until they either file suit or file a written consent. Neither section has anything to do with whether Plaintiff in this case needs other persons to file written notices of consent in order to avoid dismissal of this action.

Further, even before Defendant filed his answer and motion, two persons did file written notices of consent to join this action. (Dkt. Nos. 3, 4.) Thus, even if the case could be dismissed for Plaintiff's failure to get others to join in the suit, others *have* joined in the suit, so dismissal is not warranted.

Second, Defendant argues that Plaintiff's claims should be dismissed because "Defendant is exempt." (Dkt. No. 6 at 3.) Defendant cites 29 C.F.R. 785.22(a), which permits an employee and employer to agree to deduct eight hours of sleeping time from hours worked if the employee is required to be on duty for twenty-four hours or more. However, that section requires "a bona fide regularly scheduled sleeping period," and Plaintiff has alleged that Defendant "did not establish for [Plaintiff] . . . any fixed schedule of time off for meals or sleeping." (Dkt. No. 1, ¶ 13.) Taking that allegation as true, the regulation cited by Defendant is inapplicable and Plaintiff's claim cannot be dismissed on those grounds.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 6) is DENIED.

It is so ORDERED.

Signed this 4th day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE